Maynard WALLACE

v.

David MATHEWS, Secretary of Health, Education and Welfare.

Civ. A. No. 75–0338–A.

United States District Court,
W. D. Virginia,
Abingdon Division.

Dec. 3, 1975.

S. Strother Smith, III, Abingdon, Va., for plaintiff.

E. Montgomery Tucker, Asst. U. S. Atty., Roanoke, Va., for defendant.

MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

Plaintiff has filed this action challenging the final decision of the Secretary of Health, Education and Welfare denying his claim for "black lung" benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* Jurisdiction is pursuant to § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The issues to be decided by this court are whether the Secretary's decision is supported by "substantial evidence", and if it is, this court must affirm, or whether there is "good cause" to justify remanding the case to the Secretary for further consideration.

In an opinion adopted as the final decision by the Secretary, the Administrative Law Judge found that Mr. Wallace, a miner for over twenty years, was not entitled to "black lung" benefits. Subsequent to the Law Judge's opinion, additional medical evidence, consisting of a blood gas study, was submitted by the plaintiff. However, in a form letter affirming the decision of the Law Judge, the Social Security Administra-

234

tion's Appeals Council failed to discuss the evidential impact of the new medical report. Although the new evidence was developed subsequent to the termination of defendant's jurisdiction of "black lung" claims, which occurred on July 1, 1973, the court finds such evidence highly relevant.

This court has recently ruled that, due to the progressive nature of pneumoconiosis, evidence of the existence of the disease developed subsequent to the jurisdictional cut-off date is relevant to a determination as to whether the condition existed prior to July 1, 1973. *Collins v. Weinberger*, 401 F.Supp. 377 (W.D.Va., 1975). Thus, if a living miner had ceased all mining or comparable employment and had filed an application for benefits prior to July 1, 1973, the Secretary should properly consider evidence of a chronic respiratory condition developed subsequent to June 30, 1973. *Collins v. Weinberger, supra.*

■ In this case, it would appear that plaintiff has presented extensive evidence establishing the presence of a chronic respiratory condition existing as early as 1964. The blood gas study is descriptive of the extent of disability caused by the impairment and can easily be related back to a time prior to July 1, 1973. The blood gas study should properly be considered under 20 C.F.R. § 410.414(b) which incorporates 20 C.F.R. § 410.426. (See also Appendix to Subpart D of the Administrative Regulations).

■ Since there is no indication that new medical evidence, relevant to the availability of the presumption of 20 C.F.R. § 410.-414(b), was adequately considered by the Secretary, the court finds "good cause" to remand this case to the Secretary for further consideration. Upon remand, both sides will be allowed to further develop the record to be reconsidered.